JONATHAN MCNEIL WONG, #112224
ANDREW S. MACKAY, #197074
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California  94612-3570
Mail:   P.O. Box 12979
            Oakland, California  94604-2979

Telephone:   (510) 451-0544
Facsimile:    (510) 832-1486

Attorneys for Plaintiff
BIG O TIRES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG O TIRES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MRW, INC., a California corporation,<br><br>Defendant. | No.  2:06-cv-1241-MCE-GGH<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

WHEREAS Defendant MRW, Inc., and Plaintiff Big O Tires, Inc., ("Big O") have executed a Stipulation to Order Granting Preliminary Injunction, which Stipulation has been filed with this Court,

IT IS ORDERED that, pursuant to the Lanham Act § 34 (15 U.S.C. § 1116) and Sections 9, 20, and 27 of the Franchise Agreement effective March 1, 2003 between the parties (the "Franchise Agreement"), Defendant MRW, INC. ("MRW"), its current and former owners, shareholders, agents, servants, directors, employees, attorneys, successors and assigns, and all other persons, firms, or corporations acting in concert with or in conspiracy with or affiliated with MRW, are preliminarily enjoined and restrained from:

///

1.      Using any trademarks or service marks owned by Big O (the "Marks"), including their reproduction, the offering for sale or the sale of items bearing the Marks, and the use of the Marks in advertising, signage, telephone listings, or in any other manner.  The Marks referenced in this Order include, but are not limited to, the following registered federal trademarks and service marks.  True and correct copies of the Certificates of Registration for marks containing a design element are attached hereto as Exhibit A;

(a)     A REPUTATION YOU CAN RIDE ON, United States Registration No. 1,845,544, issued July 19, 1994, for tire installation, alignment, balancing, rotation, and repair service; maintenance and repair of automobile parts; namely, brakes, shock absorbers, front-end suspension parts, bearings, struts, and batteries (collectively "tire installation and related services"); retail tire and automobile accessory store services; automotive inspection of automobile parts; namely, brakes, shock absorbers, front-end suspension parts, bearings, struts, and batteries (collectively "retail tire and automobile accessory store services"); and vehicle tires;

(b)     ASPEN, United States Registration No. 1,508,041, issued October 11, 1988; for vehicle tires;

(c)     BIG FOOT, United States Registration No. 1,904,955, issued July 11, 1995, for vehicle tires;

(d)     BIG FOOT 60, United States Registration No. 1,102,058, issued September 12, 1978, for vehicle tires;

(e)     BIG FOOT 70, United States Registration No. 1,102,059, issued September 12, 1978, for vehicle tires;

(f)     BIG HAUL, United States Registration No. 1,018,800, issued August 26, 1975, for vehicle tires;

(g)     BIG LIFT, United States Registration No. 2,520,443, issued December 18, 2001, for vehicle maintenance and repair services;

(h)     BIG O, United States Registration No. 994,466, issued October 1, 1974, for retail tire and accessory store services and rendering technical assistance in connection with the establishment and/or operation of retail tire and accessory stores;

1         (i)      BIG-O, United States Registration No. 993,415, issued September 24, 1974, for vehicle tires;

3         (j)      BIG O TIRES & DESIGN, United States Registration No. 1,611,160, issued August 28, 1990, for retail tire store services and for tires;

5         (k)      BIG O TIRES, United States Registration No. 2,411,926, issued December 12, 2000, for tires for land vehicles; vehicle maintenance and repair services; and tires for land vehicles; retail stores featuring vehicle tires, parts, and accessories; franchising, namely, offering technical assistance in the establishing and/or operation of retail stores featuring vehicle parts and accessories;

10         (l)      COST U LESS BIG O TIRES & DESIGN, United States Registration No. 1,952,457, issued January 30, 1996, for vehicle tires; tire installation and related services; and retail tire and automotive accessory store services;

13         (m)      DARE TO COMPARE, United States Registration No. 2,492,236, issued September 25, 2001, for tires and retail store services featuring vehicle products, parts, and accessories;

16         (n)      DESIGN OF BIG FOOT, United States Registration No. 2,314,775, issued February 1, 2000, for retail stores featuring automotive tires, parts, and related accessories; vehicle maintenance and repair services; and vehicle tires.

19         (o)      EXTRA CARE & DESIGN, United States Registration No. 1,417,730, issued November 18, 1986, for maintenance and repair of automotive parts, namely tires, brakes, shock absorbers, and front end suspension parts;

22         (p)      LEGACY (stylized), United States Registration No. 1,393,967, issued May 20, 1986, for vehicle tires;

24         (q)      PATHMAX, United States Registration No. 2,281,419, issued September 28, 1999, for tires;

26         (r)      SUN VALLEY, United States Registration No. 871318; issued June 17, 1969, for tires; and

28 ///

(s) WWW.BIGOTIRES.COM & DESIGN, United States Registration No. 2,514,975, issued December 4, 2001, for retail stores featuring vehicle tires, parts, and accessories; franchising, namely, offering technical assistance in the establishment and/or operation of retail stores featuring vehicle parts and accessories, and vehicle maintenance and repair services.

2. Using any shop or architectural designs, fixtures, improvements, signs, color schemes, or other elements of the appearance of a store which in any manner suggests affiliation with Big O (the "Trade Dress"). In particular, Trade Dress consists of the distinctive red, white, and black bay signs bearing the words "Express Lane", "Brakes", "Alignment", "Suspension", and "Lube Oil Filter" (the "Bay Signs") used by retail Big O franchisees, as well as the distinctive red and white color scheme used on the exterior of Big O franchises. The Bay Signs bear Big O's distinctive tri-color black, dark red, and red striped bar, which is also protected by United States Trademark Registration No. 1,611,160. Copies of photographs depicting the Trade Dress and Bay Signs are attached hereto as Exhibit B. MRW may not use the Trade Dress and Bay Signs in signage, advertising, telephone listings, or in any other manner;

3. Representing to the public directly or indirectly that MRW is or was operated by or is in any way connected with Big O or committing any other acts calculated to cause members of the public to believe that MRW is or was operated by or is in any way connected in the future with Big O;

///
///
///
///
///
///
///
///
///

   4. Transferring, moving, destroying, or otherwise disposing of any of the following except as provided in Section 6 below: copies of all materials bearing the Marks; Big O manuals, training modules, or other information proprietary to Big O or supplements thereto; all trade secrets and confidential materials owned or licensed by Big O and all copies thereof other than MRW's copy of the Franchise Agreement, copies of any correspondence between the parties, and any other document related to the Big O franchise formerly operated by MRW that Big O reasonably needs for compliance with any applicable law; any lists, compilations, or other documents reflecting any outstanding obligations that MRW as a Big O franchisee has to any third parties, including outstanding customer orders; telephone numbers that MRW used as a Big O franchisee; any Big O credit cards; and any lists of customers obtained while MRW was acting or purporting to act as a Big O franchisee.

   5. Deleting, altering, or destroying any evidence relevant to the claims in the instant case, including any items bearing the Marks or Trade Dress;

   6. Using or advertising in any manner whatsoever, the following telephone numbers after August 15, 2006: 530-527-9451; 530-527-9453; 530-527-9455.

  IT IS FURTHER ORDERED that MRW, its current and former owners, shareholders, agents, servants, directors, employees, attorneys, successors and assigns, and all other persons, firms, and corporations acting in concert with or in conspiracy with or affiliated with MRW are preliminarily enjoined and ordered to:

   7. Turn over to Big O's counsel all items described in Section 4 above within five (5) days of the entry of this order granting preliminary injunction;

   8. Specifically perform the post termination obligations contained in Section 20.01 of the Franchise Agreement (with the exception of Section 20.01(b)), and Sections 13.02 and 17.02 of the Franchise Agreement ("Post Termination Obligations"), which Post Termination Obligations are set forth on Exhibit C hereto, within five (5) days of the entry of this order granting preliminary injunction.

///

///

9. Take such action as may be required by Big O to turn over and assign to Big O or its designee the following telephone numbers and to cancel any interest MRW has in same: 530-527-9451; 530-527-9453; 530-527-9455.

10. File with the Court and serve on Big O within thirty (30) days of service of the injunction a report in writing and under oath, setting forth in detail the manner and form in which MRW has complied with the injunction.

11. No bond shall be required for the issuance of this Order.

12. This injunction shall remain in effect until this action is final for all purposes, including exhaustion of all mandatory and discretionary appellate review, or until otherwise order by the Court upon motion for good cause shown.

13. The hearing on Big O's motion for a preliminary injunction, currently set for July 17, 2006 is taken off calendar.

IT IS SO ORDERED.

DATED: July 25, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE